In re The **HILLARD DEVELOPMENT CORPORATION**, d/b/a Autumn Breeze Nursing Home, d/b/a Laurens Convalescent Center, d/b/a Pilgrim Manor Nursing Home, d/b/a Provident Nursing Home, Debtor.

The **HILLARD DEVELOPMENT CORPORATION**, d/b/a Autumn Breeze Nursing Home, d/b/a Laurens Convalescent Center, d/b/a Pilgrim Manor Nursing Home, d/b/a Provident Nursing Home, Plaintiff,

v.

Paula R. **GRISWOLD**, Chairman, Thomas K. Lynch, and Jonelle L. Soelling, as each is Commissioner of The Rate Setting Commission for the Commonwealth of Massachusetts, Joseph Gallant, in his official capacity as Commissioner for the Department of Public Welfare for the Commonwealth of Massachusetts, Claire McIntire, Deputy Commissioner of the Department of Public Welfare, and the Department of Public Welfare for the Commonwealth of Massachusetts, Defendants.

Bankruptcy No. 90–27588–BKC–AJC. Adversary No. 94–0467–BKC–AJC–A.

United States Bankruptcy Court, S.D. Florida.

May 29, 1998.

Scott Harshbarger, Attorney General, Thomas O. Bean, Special Assistant Attorney General, Gregory S. Gilman, Assistant Attorney General, Daniel J. Hammond, Assistant Attorney General, Boston, MA, for Debtors.

James Boone, Houston & Shahady, P.A., Fort Lauderdale, FL, for Plaintiff.

## ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S MOTION FOR RELIEF FROM ORDERS AND FOR SANCTIONS

A. JAY CRISTOL, Chief Judge.

**THIS CAUSE** came before the Court for hearing on May 14, 1998 upon Plaintiff's *Emergency Motion for Relief from Orders and for Sanctions* and Defendants' opposition thereto. The Plaintiff, The Hillard Development Corporation, asserts it was induced by fraud to enter into the Settlement Agreement which the Court authorized it to enter into with the Defendant, the Commonwealth of Massachusetts, by order dated November 3, 1997. The Plaintiff alleges that, by virtue of enacting specific legislation relating to the issues addressed in the Settlement Agreement, the Commonwealth of Massachusetts, subsequent to the agreement, circumvented the obligations and compromises agreed to under the Settlement Agreement.

At the hearing, pursuant to Federal Rule of Evidence 408, the Plaintiff sought to admit certain statements made to it at the court-ordered mediation by Stanford I. Chesler, Defendant's attorney and designated representative for mediation, upon which the Plaintiff relied. According to the Plaintiff, Mr. Chesler's statements led the Plaintiff to believe the legislation would not affect the terms and substance of the Settlement Agreement. To support the admission of Mr. Chesler's statements, Plaintiff cited *Hiram Ricker and Sons v. Students Intern. Meditation Soc.*, 501 F.2d 550 (1st Cir.1974) for the proposition that such statements were statements of fact and therefore were not, per se, excludable from evidence merely because they were made during the course of mediation and settlement negotiations. The Court disagreed with the Plaintiff and determined that, pursuant to Rule 919 of the Local Rules for the United States Bankruptcy Court for the Southern District of Florida, Mr. Chesler's statements were inadmissable, and the Court could not set aside its orders based on these statements.

Notwithstanding the inadmissability of the statements and the Court's inability to otherwise grant Plaintiff the relief requested in its motion, the Court feels compelled to comment on the conduct of the Defendant, Commonwealth of Massachusetts with respect to this matter. In an obviously evil attempt to circumvent what was to be a good faith resolution of the disputes between the parties, the Defendant enacted legislation which effectively cut the guts, the legs and the teeth out of the Settlement Agreement, and throws the Plaintiff right back to where it was before Plaintiff thought it had negotiated a deal with which it felt it could live. Throughout these proceedings the Defendant has acted with nothing less than malevolence and ill-will toward the Plaintiff, and the conduct of the Defendant at this stage can best be characterized as bad faith.

Enacting legislation which circumvents the substance and intent of the Settlement Agreement, has once again placed the Plaintiff in the position of financial ruin and possibly the end of its existence. Such legislation, apparently enacted after the settlement for the specific purpose of eliminating the benefits of the Settlement Agreement, has crushed this Debtor. It is equally clear that

the enactment is a special act aimed like a sword at only the Plaintiff and has no effect on any other nursing home in Massachusetts. This is truly a sad day. The Plaintiff has conducted a long and valiant effort to keep these nursing homes operating and has admirably taken care of its elderly residents that need such care. This Court has never heard a bad word about the care that has been offered by these nursing homes, and finds it offensive and disgusting that the Defendant, the Commonwealth of Massachusetts, has sought to virtually eliminate this Debtor from its existence, ostensibly out of pure spite. This is the truly unfortunate result of the conduct engaged in by the Defendant.

If the Court has retained jurisdiction to consider any conflicts between the parties, it probably would have to do so in the context of an adversary proceeding to set aside the Settlement Agreement for fraud. Other remedies available to the Plaintiff may include a discrimination action in United States District Court against the Commonwealth of Massachusetts for what appears to be discriminatory legislative enactment to circumvent what was apparently a negotiated compromise and settlement. Another possible solution for this Debtor would be a new Chapter 11 case wherein Debtor could seek to avoid this Settlement Agreement as an executory contract.

It is distressing to note that, though the Debtor is not without remedies, the Debtor is without money and power. The Defendant, on the other hand, is loaded with power, money and, unfortunately, a great deal of hate, ill-will and bad feelings toward the Debtor. Perhaps in time, this evil and oppressive giant may be overcome by the towns-folk, but time is surely not on Debtor's side.

**THE COURT** having considered the motion and opposition, the previously contested matters between the parties in this Court and the proffers, representations and arguments of counsel, it is

**ORDERED AND ADJUDGED** that the Plaintiff's *Emergency Motion for Relief from Orders and for Sanctions* is DENIED, without prejudice.